**SETTLEMENT AGREEMENT AND MUTUAL RELEASE**

This Settlement Agreement and Mutual Release ("**Agreement**") is made and entered into this 6th day of June 2024, by and between: (1) Evan Robbins Wechsler ("**Debtor**") and his wife, Marisa Beth Wechsler ("**Marisa**") (collectively the "**Wechslers**"), and (2) Roger Schlossberg, in his capacity as chapter 7 trustee for Evan Robbins Wechsler ("**Trustee**") (collectively the "**Parties**").

**RECITALS**

A.  On June 4, 2021, the Debtor filed in the U.S. Bankruptcy Court for the District of Maryland ("**Bankruptcy Court**") a voluntary chapter 11 petition, Case No. 21-13756 ("**Bankruptcy Case**").

B.  On August 11, 2021, the Bankruptcy Case was converted to chapter 7 and the Trustee was subsequently appointed chapter 7 trustee for the Debtor.

C.  On October 20, 2021, Marisa filed in the Bankruptcy Case a proof of claim, docketed as Claim # 26 asserting a non-priority unsecured claim in the amount of $77,420.54 ("**Proof of Claim**").

D.  On March 3, 2022, the Bankruptcy Court entered a Consent Order Approving: (i) Trustee's Compromise and Settlement with Debtor Evan Robbins Wechsler; and (ii) Debtor's Compromise and Settlement with TFB Holdings, LLC [D.E. # 177] ("**Consent Order**"), pursuant to which, among other things, the Trustee and bankruptcy estate abandoned their respective interests in the real property and improvements the Wechslers owned as tenants by the entirety and located at: (1) 24 Nameless Lane, Chatham, Massachusetts ("**Chatham**"); and (2) 115 Quincy Street, Chevy Chase, Maryland ("**Quincy**").

E.  On April 4, 2022, the Bankruptcy Court entered a Consent Order Approving Evan Robbins Wechsler Waiver of Discharge [D.E. # 182].

F.  On May 24, 2023, the Trustee filed in the Bankruptcy Court against the Wechslers a Complaint for Avoidance and Recover of Transfers and Damages, Adv. No. 23-00135 ("**Complaint**") consisting of four counts: (1) Invalidity of Transfers between Spouses under Md. Code Ann. Fam. Law § 4-301(d)(2); (2) Maryland Uniform Fraudulent Conveyance Act under Md. Code Comm. Law §§ 15-201 *et seq.*; (3) Avoidance of Fraudulent Transfers and Obligations under 11 U.S.C. § 548(a); and (4) Recovery of Avoided Transfers under 11 U.S.C. § 550.

G.  On September 18, 2023, the Bankruptcy Court issued for the Complaint a Scheduling Order [D.E. # 15], which was subsequently amended on January 12, 2024 [D.E. # 18] and February 8, 2024 [D.E. # 21] (collectively "**Scheduling Order**").

H.  The Trustee has separately asserted claims to certain disclosed non-exempt personal property of the Debtor, including a Rolex watch and IWC watch (collectively the



"Watches"). The Trustee acknowledges and agrees that he is presently unaware of any undisclosed assets of the Debtor or other claims or causes of action against the Wechslers or their property.

I. To avoid the costs and risks of litigating the Complaint and resolve the Trustee's remaining claims to the Debtor's personal property and any potential causes of action, the Parties have decided to resolve the Complaint and all other claims and potential causes of action under the terms and conditions set forth below.

**NOW, THEREFORE,** in consideration of the foregoing premises and of the mutual covenants contained in this Agreement, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

## AGREEMENT

1. The Recitals are hereby incorporated by reference.

2. This Agreement is subject to Bankruptcy Court approval, pending which the Parties agree to suspend discovery and all other deadlines set forth in the Scheduling Order, as may be further amended.

3. The Parties agree to settle the Complaint and any existing known or unknown potential claims and causes of action that the Trustee and/or bankruptcy estate may have against the Wechslers and/or their real and personal property in consideration of the Wechslers causing to be paid to the Trustee $625,000 ("**Settlement Payment**"), time being of the essence, within five days of entry of a final non-appealable Bankruptcy Court order approving this Agreement. The Settlement Payment shall be paid as follows: [Trustee to Provide Wire Instructions]

4. If the Wechslers fail to timely make the Settlement Payment, the Trustee may, at his option, declare this Agreement null and void.

5. Within ten days of the Parties' execution of this Agreement, the Trustee will file with Bankruptcy Court a motion pursuant to Fed. R. Bankr. P. 9019 requesting approval of this Agreement.

6. Within ten days of receipt of the entire Settlement Payment, the Parties agree to execute and file with the Bankruptcy Court a Notice of Stipulated Dismissal of the Complaint with prejudice in the form attached as **Exhibit 1** ("**Notice of Dismissal**").

7. Within ten days of the filing of the Notice of Dismissal, Marisa will withdraw the Proof of Claim.

8. Subject to the Trustee's timely receipt of the entire Settlement Payment, the Trustee and Marisa, in respect of the mutual promises and other consideration recited in this Agreement, agree to release each other, the bankruptcy estate, related entities, and their respective predecessors in interest, successors, shareholders, members, directors, officers, employees, agents, attorneys, heirs and assigns of any and all obligations, claims, causes of action, and demands of any kind

2



from the beginning of the world to the date hereof (including without limitation any and all claims or causes of action for contribution, indemnity, debts, obligations, demands, liabilities, suits, judgments, damages, rights, remedies and causes of action), whatsoever, whether direct or indirect, liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, whenever arising, at law or in equity, direct or indirect, known or unknown, discovered or undiscovered, including, without limitation, by reason of, or relating in any way whatsoever to the Complaint and the Proof of Claim. The Trustee further acknowledges and affirms that under the terms of the Consent Order the Trustee and bankruptcy estate previously abandoned any and all claims to and interests in Chatham and Quincy (collectively the "**Wechsler Real Estate**") and that in this Agreement the Trustee and bankruptcy estate release any existing known or unknown potential claims and causes of action they may have against Marisa and/or her real and personal property. The Trustee further disclaims any ability to seek satisfaction of any judgment or claim not otherwise released herein from the Wechsler Real Estate. The Trustee, however, shall retain the ability to seek recovery of any undisclosed transfer of the Debtor's pre-petition property to Marisa. Nothing in this paragraph is intended to or will toll or extend any applicable statutes of limitations.

9. With the exception of his ability to recover undisclosed pre-petition assets of the Debtor that the Trustee discovers in his continued administration of the Debtor's estate, subject to the Trustee's timely receipt of the entire Settlement Payment, the Trustee and the Debtor, in respect of the mutual promises and other consideration recited in this Agreement, agree to release each other, the bankruptcy estate, related entities, and their respective predecessors in interest, successors, shareholders, members, directors, officers, employees, agents, attorneys, heirs and assigns of any and all obligations, claims, causes of action, and demands of any kind from the beginning of the world to the date hereof (including without limitation any and all claims or causes of action for contribution, indemnity, debts, obligations, demands, liabilities, suits, judgments, damages, rights, remedies and causes of action), whatsoever, whether direct or indirect, liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, whenever arising, at law or in equity, direct or indirect, known or unknown, discovered or undiscovered, including, without limitation, by reason of, or relating in any way whatsoever to the Complaint, the Watches, and all disclosed pre-petition assets. Nothing in this paragraph is intended to or will toll or extend any applicable statutes of limitations.

10. The Parties represent that they each own and have not assigned or otherwise transferred to any other person or entity such party's rights and claims as are being altered or otherwise affected by this Agreement.

11. The Parties acknowledge that this Agreement is a compromise of disputed claims and that none of the Parties admits, and each expressly denies, any liability on its part.

12. Each person signing this Agreement represents and warrants that he/she has been duly authorized and has the requisite authority to execute and deliver this Agreement on behalf of such party and to bind such party to the terms and conditions of this Agreement.

13. The Parties represent and acknowledge that, in executing this Agreement, they do not rely and have not relied upon any representation or statement made by any party or any of their

agents, shareholders, members, representatives or attorneys, with regard to the subject matter, basis or effect of this Agreement or otherwise, other than as specifically stated in this Agreement.

14. The Parties further declare that, in making this Agreement, they rely entirely upon their own judgment, beliefs and interest and the advice of their counsel (for whose expense each shall be solely responsible) and that they have had a reasonable period of time to consider this Agreement.

15. The Parties agree that each party and its counsel have reviewed this Agreement and that each fully understands and voluntarily accepts all the provisions contained in this Agreement. The Parties further agree that this Agreement was the product of negotiations between the Parties and that any rule of construction that ambiguities are to be resolved against the drafting party shall not apply in the interpretation of this Agreement.

16. The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning and not strictly for or against any of the Parties. If any provision of this Agreement is declared or determined by any court of competent jurisdiction to be illegal, invalid or unenforceable, the legality, validity and enforceability of the remaining parts, terms or provisions shall not be affected thereby, and the illegal, unenforceable or invalid part, term or provision shall be deemed not to be a part of this Agreement.

17. This Agreement sets forth the entire agreement between the Parties and supersedes any and all prior agreements and understandings, written or oral, between the Parties.

18. No modification of this Agreement shall be binding or enforceable unless in writing and signed by the Parties.

19. This Agreement shall be binding upon and inure to the benefit of the Parties and their respective heirs, executors, successors, administrators and assigns.

20. This Agreement shall be interpreted and construed in accordance with the laws of Maryland, without regard to the conflict of laws of Maryland. The Parties hereby irrevocably consent to the jurisdiction of the Bankruptcy Court with respect to an action to enforce the terms and provisions of this Agreement. The party prevailing in any such action shall be entitled to recover the reasonable attorneys' fees incurred.

21. This Agreement may be executed in one or more counterparts, including by facsimile, PDF, or other electronic signature, each of which shall be deemed an original, but all of which together constitute one and the same instrument.



IN WITNESS WHEREOF, the Parties have each approved and executed this Agreement as of the date first above written.

_____
Evan Robbins Wechsler

_____
Marisa Beth Wechsler

_____
Roger Schlossberg, Chapter 7 Trustee

IN WITNESS WHEREOF, the Parties have each approved and executed this Agreement as of the date first above written.

_____
Evan Robbins Wechsler

_____
Marisa Beth Wechsler

_____
Roger Schlossberg, Chapter 7 Trustee

5

IN WITNESS WHEREOF, the Parties have each approved and executed this Agreement as of the date first above written.

_____
Evan Robbins Wechsler

_____
Marisa Beth Wechsler

_____
Roger Schlossberg, Chapter 7 Trustee